[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13076

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01572-CV-ORL-22JGG


CHERYL ALDERMAN,
CINDY HOUCK,

                                        Plaintiffs-Appellants,

                        versus

STANDARD INSURANCE COMPANY,
PRUDENTIAL INSURANCE COMPANY OF AMERICA,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 28, 2008)**

Before BIRCH and FAY, Circuit Judges, and HINKLE,* District Judge.

PER CURIAM:

Appellees provided life insurance coverage under an employee benefit plan. Appellants were beneficiaries of coverage on the life of an employee who applied for increased coverage, did not obtain the requested increase, and later died. Appellants assert the insurers violated their fiduciary duties under the Employee Retirement Income Security Act by failing properly to process the application for increased coverage.

The district court granted summary judgment for the insurers on the ground that ERISA does not authorize relief of the kind at issue—essentially an award of damages for the amount of coverage that was sought but not provided. We affirm but on a different ground. The record establishes, without dispute, that even had the application been properly processed, the increased coverage would not have been provided, because the employee's medical condition did not meet the applicable underwriting guidelines.

**I**

David Wayne Alderman was an employee of Republic Services, Inc.

---

*Honorable Robert L. Hinkle, United States District Chief Judge for the Northern District of Florida, sitting by designation.

Republic provided an employee benefit plan that included term life insurance. Until December 31, 2004, the insurer was appellee The Prudential Insurance Company of America. Effective as of January 1, 2005, Republic replaced Prudential with appellee Standard Insurance Company. Republic was its own plan administrator and thus was responsible for receiving applications from employees and forwarding them to the appropriate insurer.

Republic provided employees an "open season" in November 2004 during which employees could make changes to their coverages that would take effect as of January 1, 2005. Mr. Alderman applied to increase his life coverage from $125,000 to $400,000. Under the terms of the plan, the proposed increase was subject to medical underwriting and would take effect only if approved by the affected insurer. Because the increase would not go into effect until January 1, 2005, the affected insurer was Standard.

Through no fault of Mr. Alderman, his application went instead to Prudential. Prudential reviewed the application and determined—based on the medical answers—that further medical information was needed. Prudential sent Mr. Alderman a "long form" on which he was to submit additional information. Prudential says that it never received the long form back from Mr. Alderman and that it advised him by letter dated January 2, 2005, that it was therefore closing its

3

file on the application for increased coverage. Whether the long form was in fact sent to Prudential is disputed. It is undisputed, however, that neither Prudential nor Standard approved the application. The increase never took effect, and Mr. Alderman was never charged an increased premium.

Mr. Alderman died in a car crash on January 27, 2005. The beneficiaries of his life insurance—appellants Cheryl Alderman and Cindy Houck—assert claims in this action against Prudential and Standard for breach of fiduciary duties in connection with the processing of the application for increased coverage. Appellants seek to recover the difference between the amount that was paid under the coverage that was actually in effect and the amount that would have been paid had Mr. Alderman's application for an increase been granted.

## II

Prudential and Standard filed separate motions for summary judgment on multiple grounds. Appellants responded on the merits without seeking a continuance under Federal Rule of Civil Procedure 56(f) or otherwise asserting the matter was not ripe for a decision. The district court granted the motion on the ground that the ERISA provision invoked by appellants—29 U.S.C. §1132(a)(3)—authorizes only "equitable relief" and thus does not allow recovery of the damages sought by appellants. Based on this ruling, the district court did

4

not need to address—and did not address—the other grounds asserted in the motions for summary judgment.

## III

An appellate court of course may affirm a judgment on any ground supporting the result. *See, e.g., Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998). The record establishes without dispute that had Mr. Alderman's application for increased coverage been submitted to Standard—as it should have been—Standard would have denied the application based on its established underwriting guidelines as then in effect. In support of its motion for summary judgment, Standard submitted an uncontradicted declaration of its supervising underwriter making this clear.

Appellants assert that the law forbids a post-mortem analysis of whether Mr. Alderman's application would have been approved. But that makes no sense. If, as appellants assert, Mr. Alderman's application was mishandled, then his beneficiaries are entitled, at most, to have the error corrected and any resulting harm undone. Here there was no harm. Put differently, the beneficiaries may or may not be entitled to what they would have received had the application been handled properly—but they most assuredly are *not* entitled to proceeds that they never would have received under any circumstances.

**IV**

For these reasons, the judgment in appellees' favor is **AFFIRMED.**